Filed 3/9/23  In re F.L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re F.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>F.L.,<br><br>    Defendant and Appellant. | F084301<br><br>(Super. Ct. No. 21JL-00057B)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

**SEE CONCURRING OPINION**

## INTRODUCTION

F.L. (appellant) appeals from the juvenile court's order granting the People's motion to transfer appellant from juvenile court to criminal court pursuant to Welfare and Institutions Code section 707, subdivision (a).[1] While this appeal was pending, the Legislature enacted Assembly Bill No. 2361 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 330, § 1), which increased the standard of proof necessary to support transfer to "clear and convincing evidence." (§ 707, subd. (a)(3).) The parties agree, as do we, that the change in law applies retroactively to appellant. Because the burden of proof has been increased for transfer motions, we reverse the juvenile court's order granting transfer and remand the matter to the juvenile court to conduct a new transfer hearing applying the law as amended by Assembly Bill No. 2361.

## BACKGROUND

The Merced County District Attorney's Office filed a juvenile wardship petition alleging appellant committed the following offenses: Assault with a firearm (Pen. Code, § 245, subd. (a)(2); count 1), with an enhancement for acting for the benefit of or in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(A)); criminal threats (Pen. Code, § 422; count 2); participating in a criminal street gang (Pen. Code, § 186.22, subd. (a); count 3); carrying a loaded firearm while an active participant in a criminal street gang (Pen. Code, § 25850, subds. (a), (c)(3); count 4); and misdemeanor carrying a loaded firearm (Pen. Code, § 25850, subd. (a); count 5).[2] Prior to the transfer hearing, the juvenile court granted the People's motion to dismiss count 2.

The People moved to transfer appellant to criminal court. After considering the report of the probation officer and conducting a transfer hearing, the juvenile court

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     Because we determine a new transfer hearing is required, we need not summarize the facts underling these allegations.

granted the transfer motion, finding the People had "shown by a preponderance of the evidence that [appellant] should be transferred to the jurisdiction of the criminal court."

## DISCUSSION

### I. We Reverse the Juvenile Court's Order Granting Transfer and Remand for a New Transfer Hearing in Light of Assembly Bill No. 2361.

In September 2022, the Governor signed Assembly Bill No. 2361. Effective January 1, 2023, this bill amended section 707 to require the juvenile court apply a higher standard of proof in a transfer hearing. As amended, section 707, subdivision (a)(3) now states: "In order to find that the minor should be transferred to a court of criminal jurisdiction, the court shall find by *clear and convincing evidence* that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court." (Italics added.) Previously, a juvenile court was to apply the preponderance of the evidence standard. (*Kevin P. v. Superior Court* (2020) 57 Cal.App.5th 173, 186.)

Respondent concedes Assembly Bill No. 2361 and its amendments to section 707 apply retroactively to appellant, as his judgment was not final when Assembly Bill No. 2361 came into effect. (See *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) We agree. Under *Estrada*, we assume, absent evidence to the contrary, that an amendatory statute "mitigat[ing] the possible punishment for a class of persons" is "presumptively retroactive and applie[s] to all persons whose judgments were not yet final at the time the statute took effect." (*People v. Frahs* (2020) 9 Cal.5th 618, 624.) More specifically, in *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, our high court held that Proposition 57, which prohibited charging juveniles directly in criminal court, applies retroactively under *Estrada* to nonfinal judgments, reasoning that "[t]he possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried and sentenced as an adult can result in dramatically different and more lenient treatment." Like Proposition 57, Assembly Bill No. 2361's amendments to section 707

3.

constitute an " 'ameliorative change[] to the criminal law,' " as they increased the prosecution's evidentiary burden at a transfer hearing. (*Lara*, *supra*, 4 Cal.5th at p. 309.)

Despite this change in the applicable standard of proof, appellant contends this court should still review the juvenile court's order for substantial evidence, but also apply the heightened clear and convincing evidence standard. Conversely, respondent argues that application of the wrong standard should be reviewed for harmless error.

We decline to adopt either approach. Assembly Bill No. 2361 fundamentally altered the nature of the findings that must be made by a juvenile court to justify transfer. As our high court has explained, the clear and convincing evidence standard requires " 'a finding of high probability.' " (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 998.) This elevated standard of proof also affects the type and quality of the evidence that must be presented by the prosecution, which bears this increased burden. We therefore decline the parties' invitation to act as a trier of fact and apply this new standard in the first instance. Instead, we reverse the juvenile court's order and remand for the juvenile court to conduct a new hearing. This will allow the parties to fully litigate the transfer motion under the clear and convincing evidence standard and allow the juvenile court to develop a new record and issue a new ruling with the new standard in mind.

Thus, on remand, the juvenile court is directed to conduct a new transfer hearing in accordance with section 707, as amended by Assembly Bill No. 2361. At this new hearing, the People bear the burden of establishing by clear and convincing evidence that appellant is "not a suitable candidate for treatment under the juvenile court system." (*J.N. v. Superior Court* (2018) 23 Cal.App.5th 706, 715.) Furthermore, in ruling on the transfer motion, the court shall "clearly and explicitly 'articulate its evaluative process' by detailing 'how it weighed the evidence' and by 'identify[ing] the specific facts which persuaded the court' " including an explanation of "how the different statutory criteria affected its transfer decision." (*C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1035.)

4.

## DISPOSITION

The juvenile court's order granting transfer of appellant from juvenile court to criminal court is reversed. The matter is remanded to the trial court to conduct a new transfer hearing pursuant to section 707, as amended by Assembly Bill No. 2361.

LEVY, Acting P. J.

I CONCUR:


DETJEN, J.

POOCHIGIAN, J., Concurring.

Evidence adduced in the proceedings below indicated that appellant, seven days before turning 18, assaulted someone, struck them with a firearm, shot indiscriminately in a parking lot, and subsequently fled when stopped by police. All this after failing to rehabilitate multiple times in the past, and with an increasingly serious record.

Appellant's conduct was violent and dangerous, and his prospects for rehabilitation within the timeframe for confinement in the juvenile justice system would seem inauspicious. Nonetheless, the order transferring him to adult criminal court must be reversed. Because, while today's result may be viewed by some as imprudent given appellant's violent and dangerous behavior, it is also the result intended by statute. Assembly Bill No. 2361 (2021–2022 Reg. Sess.) follows the current trend of legislation that has broadly sought to provide offenders more leniency. And the Legislature is well-aware of the retroactivity rules espoused in *In re Estrada* (1965) 63 Cal.2d 740 and its progeny. We are duty-bound to defer to that intent. (Code Civ. Proc., § 1858.)

On remand, if the People prove the propriety of transfer by clear and convincing evidence, appellant may again be transferred to adult criminal court.

For these reasons, I concur in the judgment.

POOCHIGIAN, J.